**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION**

| | |
|---|---|
| JTH TAX, LLC f/k/a JTH TAX, INC. d/b/a LIBERTY TAX SERVICE AND SIEMPRETAX+, LLC,<br><br>               Plaintiffs,<br><br>   v.<br><br><br>KRYSSI DEHN a/k/a Kryssi Dehn-Contreras; 5402 TAXES, LLC; AND WARRIOR FINANCIAL SERVICES, LLC,<br><br>               Defendants. | Case No.: 4:23-cv-105 |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiffs JTH Tax LLC f/k/a JTH Tax, Inc. d/b/a Liberty Tax Service ("Liberty") and SiempreTax+ LLC ("SiempreTax+") (collectively, "Plaintiffs") allege for their Verified Complaint against Defendants Kryssi Dehn a/k/a Kryssi Dehn-Contreras ("Dehn"), 5402 Taxes, LLC ("5402 Taxes") and Warrior Financial Services, LLC ("Warrior Financial") as follows:

**NATURE OF THE ACTION**

1.     Dehn and 5402 Taxes are former Liberty and SiempreTax+ franchisees that have breached their franchise agreements with Plaintiffs (collectively, "Franchise Agreements") by using Plaintiffs' trade secrets to unlawfully compete in open and direct violation of a two-year, 25-mile non-competition provision set forth in the Franchise Agreements.

2.     Dehn, a guarantor of the Franchise Agreements, is intentionally and deceptively operating Warrior Financial to solicit Liberty's clients using Liberty's trade secrets for her benefit, to the detriment of Liberty.

3.     Defendants' unlawful competition has resulted in, and will continue to result in,

irreparable harm to Plaintiffs' brand, reputation, goodwill and franchise system. If Defendants are not ordered to cease their unlawful competition, Plaintiffs will continue to suffer irreparable harm to its brand and franchise system that cannot be corrected by monetary damages.

4.      Dehn has also breached the Franchise Agreements by failing to return Plaintiffs' Confidential Operations Manuals, using and disclosing Plaintiffs' Confidential Information, and holder herself out as a former Liberty franchisee.

5.      Plaintiffs seek (a) an immediate injunction prohibiting Defendants from directly or indirectly offering tax preparation services within twenty-five (25) miles of the boundaries of Dehn and 5402 Taxes' former Liberty and SiempreTax+ Franchise Territory for two years following the entry of any injunction; (b) an immediate injunction ordering Defendants to cease soliciting any former Liberty and SiempreTax+ clients within twenty-five (25) miles of the boundaries of Dehn and 5402 Taxes' former Liberty and SiempreTax+ Franchise Territory for two years following the entry of any injunction; (c) an immediate injunction ordering Defendants to cease their use and disclosure of Liberty's trade secrets; (d) compensatory and liquidated damages stemming from Dehn and 5402 Taxes' breaches of contract; (e) compensatory damages stemming from Defendants' and violations of common law; (d) statutory and punitive damages stemming from Defendants' violations of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq*. ("DTSA"); (e) compensatory damages stemming from Warrior Financials' tortious interference with the Franchise Agreements; (f) attorneys' fees and costs; and (g) such other relief the Court deems necessary and just.

## THE PARTIES

6.      Liberty is a Delaware limited liability company with its principal place of business at 500 Grapevine Hwy., #402, Hurst, Texas 76054.

7.      SiempreTax+ is a Delaware limited liability company with its principal place of business at 500 Grapevine Hwy., #402, Hurst, Texas 76054.

8.      Dehn is a citizen of the State of Texas, with a last known address of 4925 S. Colony Blvd., The Colony, Texas 75056.

9.      5402 Taxes is a Texas Limited Liability Company with a principal place of business and registered agent located at 5201 S. Colony Blvd., Ste. 745, The Colony, Texas 75056.

10.     Warrior Financial is a Texas Corporation with a principal place of business at 6125 Airport Fwy. #200D, Haltom City, Texas 76117.  Dehn incorporated Warrior Financial on September 20, 2022, within (5) days of the Termination of her Liberty Tax Franchise Agreements, and is Warrior Financial's Registered Agent according to records maintained by the Texas Secretary of State.

## JURSIDICTION AND VENUE

11.     This Court has personal jurisdiction over Dehn because she agreed in the Franchise Agreements that in any suit brought by Liberty, "that in any way relates to or arises out of [the Franchise] Agreement or any of the dealings between you and any or all of the Liberty Parties, you consent to venue and personal jurisdiction in the state and federal court of the city or county of Liberty's National Office…" which is presently in Hurst, Texas.  Additionally, Dehn is operating a competing business in violation of the Franchise Agreements' restrictive covenants in this District.

12.     This Court has personal jurisdiction over 5402 Taxes because it is a Texas limited liability company, and Dehn is the registered agent of the company and is intimately involved in the operations of 5402 Taxes and is using Liberty's Confidential Information and Trade Secrets to compete with Liberty in this District.

13.     This Court has personal jurisdiction over Warrior Financial because it is a Texas corporation and Dehn is intimately involved in the operations of Warrior Financial and is using Liberty's Confidential Information and Trade Secrets to compete with Liberty in this District.

14.     This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

15.     This Court has original (federal question) subject matter jurisdiction pursuant to the DTSA, and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as the claims under the DTSA claim.

16.     This action is properly venued in the Northern District of Texas pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because the events giving rise to the claims herein occurred in this District and Dehn and 5402 Taxes consented to venue in this District.  *Id.*

## FACTUAL BACKGROUND

17.     Plaintiffs are franchisors of Liberty Tax Service® and Liberty Tax Service® income tax preparation service centers located throughout the United States.

18.     Liberty's busiest time of the year is tax season (*i.e.* January until April), when Liberty generates approximately 90% of its annual revenue.

19.     Plaintiffs own numerous trade secrets and other confidential information, including but not limited to, client lists and files, methods of operation, private customer information, and marketing strategies as well as their confidential Operations Manuals, which contain Plaintiffs' highly valuable and guarded trade secrets and confidential information (collectively, "Trade Secrets" and "Confidential Information").

20.     Pursuant to the terms of the Franchise Agreements, Plaintiffs disclose the Confidential Information to franchisees and provide guidance and assistance to franchisees.

**The Assignment and Franchise Agreements**

21.     On or about September 7, 2017, Dehn and 5402 Taxes entered into an Assignment and Amendment to certain Franchise Agreements ("Assignment") for several Liberty franchise territories and one SiempreTax+ franchise (collectively, the "Franchised Businesses").  A copy of the Assignment is attached hereto as **Exhibit A**.

22.     The Assignment transferred ownership of the Franchised Businesses from Larry Contreras to Dehn and 5402 Taxes as Franchises and Guarantors of the Franchised Businesses.

23.     The intent and effect of the Assignment was to: (1) amend the name and ownership type of the Franchise Agreements from a sole proprietor to 5402 Taxes as a limited liability company; (2) remove Contreras as a guarantor of the Franchise Agreements, but to remain bound by the post-termination covenants contained therein; (3) add Dehn and 5402 Taxes as guarantors of the Franchise Agreements, both responsible for all obligations pursuant to the Franchise Agreements, including the payments of any and all promissory notes or other amounts owed to Liberty; (4) warrant that 5402 Taxes was in good standing and will remain in good standing under the laws of the State of Texas; (5) require Dehn and 5402 Taxes to enter into a separate Guaranty Agreement whereby all accounts and notes receivable balances owed by Franchisee shall be guaranteed; (6) release Liberty from any claims or causes of action up to the date of Assignment; and (7) provide that  "Except as modified above, the terms of the Franchise Agreements remain in full force and effect."  Ex. A.

24.     Dehn and 5402 executed a separate Accounts and Notes Receivable Guaranty Agreement on September 7, 2017 ("Guaranty").   A copy of the Guaranty is attached hereto as **Exhibit B**.

25.      On or about December 28, 2015, SiempreTax+ and Larry Contreras entered into a

SiempreTax+ Franchise Agreement.  The SiempreTax+ Franchise Agreement is attached hereto as **Exhibit C**.  In 2020, Dehn and 5402 Taxes renewed the SiempreTax+ Franchise Agreement for the franchise territory known as TX238 (ShermanTX-1).  A copy of this renewed Franchise Agreement is attached hereto as **Exhibit D.**

26.     On or about May 17, 2019 Dehn and 5402 Taxes renewed the Liberty Franchise Agreement for the territory known as TX395 (TheColonyTX-1).   A copy of this renewed Franchise Agreement is attached hereto as **Exhibit E**.

27.     In 2020, Dehn and 5402 Taxes renewed the Liberty Franchise Agreement for the franchise territory known as TX010 (DentonTX-2). A copy of this renewed Franchise Agreement is attached hereto as **Exhibit F**.

28.     The relevant Franchise Agreements applicable to this action are the Franchise Agreements for Liberty territories TX238 (Ex. C –- SiempreTax+ Territory TX238)(Ex. D – Liberty Territory TX2308), TX395 (Ex. E), and TX010 (Ex. F) and for _(collectively, the "Franchise Agreements").

29.     Dehn executed the Assignment and the Franchise Agreements on behalf of herself and 5402 Taxes in her capacity as a member of 5402 Taxes.

30.     Dehn personally guaranteed the Franchise Agreements, including any debts due to Liberty. Ex. D, E. F § 26.

31.     Dehn and 5402 Taxes operated franchises pursuant to the Franchise Agreements at the following locations:

     a.     1501 S. Loop 288, Suite 102, Denton, TX 76205;

     b.     903 N. Travis St., Suite B, Sherman, TX 75090;

     c.     5201 S. Colony Blvd., Suite 745, The Colony, TX 75056; and

      d.    2700 E. Eldorado Pkwy, Suite 101B, Little Elm, TX 75068.

32.     Pursuant to the Franchise Agreements, Plaintiffs granted Dehn and 5402 Taxes a license to use its Trade Secrets and Confidential Information and to identify as a Liberty and SiempreTax+ franchise. Plaintiffs also provided Dehn and 5402 Taxes with training in its operation, marketing, advertising, sales, and business systems.  Dehn and 5402 Taxes also received a copy of Plaintiffs' confidential operating, marketing, and advertising materials, including its confidential and proprietary Operations Manual containing Plaintiffs' Trade Secrets, which are not available to the public or to anyone who is not part of Plaintiffs' business system.

33.     Pursuant to Section 1 of the Franchise Agreements, Dehn and 5402 Taxes were authorized to use Plaintiffs' proprietary tax system, trade names and trademarks.

34.     Pursuant to Section 4(d) and (g) of the Franchise Agreements, Dehn and 5402 Taxes agreed to pay monthly royalties in the amount of 14% of gross receipts.  Exs. C, D, E, and F § 4(d) and (g).

35.     Pursuant to Section 4(f) of the Franchise Agreements, Dehn and 5402 Taxes agreed to pay monthly advertising fees to Liberty in the amount of 5% of gross receipts.  *Id*. § 4(f).

36.     Pursuant to Section 4(h) of the Franchise Agreements, interest on all amounts due and owing by Dehn and 5402 Taxes to Plaintiffs compounds daily at a rate of 12% per annum. *Id*. § 4(h).

37.     Under Section 9 of the Franchise Agreements, Dehn and 5402 Taxes agreed to the following actions immediately upon termination or expiration of the Franchise Agreements: (1) return Plaintiffs' confidential Operations Manual; (2) deliver all customer lists, tax returns, files, and records to Liberty; (3) pay all amounts due and owing to Plaintiffs; and (4) adhere to all post-termination non-competition and non-solicitation covenants.  *Id*. § 9.

38.     Pursuant to Section 10(a) of the Franchise Agreements, Dehn and 5402 Taxes agreed to not directly or indirectly prepare or transmit income tax returns or offer financial products except in their capacity as Liberty or SiempreTax+ franchisees during the term of the Franchise Agreements.  *Id*. § 10(a).

39.     Pursuant to Section 10(b) of the Franchise Agreements, Dehn and 5402 Taxes agreed to a post-termination covenant not to directly or indirectly compete within the Territory or within twenty-five (25) miles of the boundaries of the Territory for two years following termination or expiration of the Franchise Agreements.  *Id.* § 10(b).

40.     In Section 10(d) of the Franchise Agreements, Dehn and 5402 Taxes agreed that for a period of two years following termination or expiration of the Franchise Agreements, Dehn and 5402 Taxes would not directly or indirectly solicit any person or entity served by any of their prior Liberty offices within the last twelve months they were a Liberty franchisee for the purpose of offering income tax preparation or electronic filing of tax returns or financial products. *Id*. § 10(d).

41.     Dehn and 5402 Taxes also agreed under the Franchise Agreements "not to do any act that is, in Liberty's determination, harmful, prejudicial or injurious to Liberty…" *Id*. § 10(f).

42.     Dehn and 5402 Taxes agreed, "that the provisions of Section 10 are reasonable, valid and not contrary to the public interest," agreed to "waive all defenses to the strict enforcement of Section 10," and agreed that "Liberty is entitled to a temporary restraining order, preliminary and/or permanent injunction for any breach of duties under … Sections 9 and 10." *Id*. § 10(h).

43.     Pursuant to Section 12 of the Franchise Agreements, Dehn and 5402 Taxes acknowledged that the Confidential Information was to be used only in connection with their

franchises, and further agreed to never use or disclose the Confidential Information following the termination or expiration of the Franchise Agreements. *Id*. § 12(a) and (c).

44.    The Franchise Agreements provide that Virginia law applies to all claims related to the Franchise Agreements or the parties' dealings thereunder.

**Termination of the Franchise Agreements**

45.    On or about December 15, 2021, Dehn and 5402 Taxes entered into a Mutual Termination Agreement that terminated the Franchise Agreement for their SiempreTax+ territory known as TX238 ("MTA").  A copy of the MTA is attached hereto as **Exhibit G**.

46.    Dehn and 5402 Taxes expressly acknowledged and agreed that the MTA did not impact any debts owed by Dehn and/or 5402 Taxes to Liberty.  *Id*. ¶ 2.

47.    Under the MTA, Dehn and 5402 Taxes promised to adhere to their post-termination obligations under the TX238 SiempreTax+ Franchise Agreement; to immediately comply with all post-termination obligations under the TX238 SiempreTax+ Franchise Agreement; and to take no actions that could hinder or compromise SiempreTax+'s success.  *Id*. ¶ 5 and 6.

48.    After learning that Dehn and 5402 Taxes had committed multiple breaches of the Franchise Agreements by committing acts that were harmful to Liberty's brand and in violation laws and regulations, Liberty terminated the Liberty Franchise Agreements by way of a termination notice sent to Dehn and 5402 Taxes on or about September 15, 2022.  The Termination Notice is attached hereto as **Exhibit H**.

49.    The Termination Notice reminded Dehn and 5402 Taxes of, among other things, their post-termination obligation to: refrain from using Liberty's trademarks; transfer all telephone numbers associated with their franchise to Liberty; cease identifying as franchisees of Liberty; pay Liberty all monies owed; deliver to Liberty all customer lists, tax returns, files and

records; deliver to Liberty the Operations Manual; and adhere to the post-termination covenants not to compete and not to solicit. *Id*.

### Unfair Competition and Breach of Non-Competition and Non-Solicitation Covenants

50.     Within days of receiving the Termination Letter, Dehn began operating Warrior Financial, listing herself as Registered Agent with a Registered Address of 4925 S. Colony Blvd., The Colony, Texas 75056, less than a mile from her former Liberty franchise office.

51.     Warrior Financial offers the same tax preparation services as Liberty and SiempreTax+.

52.     Through Warrior Financial, Dehn is now actively competing with Plaintiffs and soliciting Plaintiffs' former customers to work with Warrior Financial in direct violation of the restrictive covenants contained in the Franchise Agreements.

53.     The following photograph, taken on January 20, 2023 shows the business cards of Khryssi Dehn operating as Warrior Financial:





54.     Warrior Financial promotes its tax services with a Facebook and a webpage. *See* https://www.facebook.com/WarriorFinancialServ/; https://www.warriors.tax/home.

55.     Warrior Financial's Facebook page and website confirm it is not a local operation and advertises that it "File All States!".



56.     Warrior Financial is also using a similar phone number to Dehn and 5402 Tax's former Liberty location.  Dehn and 5402 Tax utilized phone number (972) 370-1040 at their Liberty location at 5201 S. Colony Blvd., Suite 745, The Colony, Texas.  Warrior Financial is now using the confusingly similar (972) 970-1040 number to promote its tax services.

57.     During an investigation into Dehn's activities, Dehn confirmed to an investigator hired by Liberty that she was formerly affiliated with Liberty and had taken Liberty customers with her to Warrior Tax.

58.    Although Warrior Tax is physically located slightly outside the 25 mile territorial restrictions, Dehn confirmed to the investigator hired by Liberty that she operates inside the 25 mile restricted territory by sending a courier service to pick up files from customers inside the restricted territory.

59.    Warrior Tax's Facebook account confirms that Dehn offers courier services in order to expand the reach of Warrior Tax, including into the restricted territory:



60.    Upon information and belief, Dehn and 5402 Tax have disclosed Plaintiffs' Confidential Information, including customer lists and information, to Warrior Financial and its employees, and, together with Warrior Financial, are using that information to solicit Plaintiffs' customers and compete with Plaintiff.

61.    Dehn and 5402 Taxes have also failed to return Plaintiffs' confidential Operations Manual, which contains Plaintiffs' Trade Secrets and Confidential Information, to Plaintiffs.

62.    By using Liberty's Confidential Information to solicit Plaintiffs' customers and operate a business that offers identical services to Plaintiffs business, and by utilizing a phone number that is confusingly similar to the phone number associated with their former Liberty franchise, Dehn and 5402 Taxes have sown confusion in the minds of consumers and Plaintiffs'

clients in particular.

63.     As a result of the foregoing, Plaintiffs have suffered both pecuniary damages and irreparable harm to its reputation, goodwill, franchise system, and its Trade Secrets and Confidential Information.

### COUNT I
### *Breach of Contract (Equitable Claim)*
### *(Against Defendants Dehn and 5402 Taxes)*

64.     Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth herein.

65.     The Franchise Agreements and MTA are valid and enforceable.

66.     Liberty and SiempreTax+ have performed every obligation and condition required under the Franchise Agreements.

67.     Defendants agreed under the Franchise Agreements and MTA to, *inter alia*, (a) return Liberty and SiempreTax+'s confidential Operations Manual; (b) deliver all customer lists, customer information, tax returns, files, records and other Confidential Information to Liberty and SiempreTax+; (c) refrain from using or disclosing Liberty and SiempreTax+'s Confidential Information; (d) refrain from directly or indirectly offering tax preparation services and soliciting Liberty and SiempreTax+'s customers within 25 miles of their former Liberty office through September 2024.

68.     Dehn and 5402 Taxes breached the foregoing post-termination obligations by (a) failing to return Liberty and SiempreTax+s' Operations Manual; (b) retaining customer lists, information and files from their former Liberty office; and (c) using and disclosing Plaintiffs' Confidential Information in connection with the business of Warrior Financial.

69.     Dehn and 5402 Taxes further breached the Franchise Agreements by (a) operating Warrior Financial; (b) soliciting Liberty and SiempreTax+ customers; and (c) offering and

providing tax preparation services within twenty-five (25) miles of the boundary of the former Liberty and SiempreTax+ Franchise Territory within 2 years of the termination of the Franchise Agreements.

70.     Dehn and 5402 Taxes's post-termination obligations survive termination of the Franchise Agreements.

71.     The foregoing breaches of the Franchise Agreements were and are material.

72.     Upon information and belief, these breaches have caused and will continue to cause confusion in the minds of consumers between the services of Liberty, SiempreTax+ and Warrior Financial, and pose a threat to the confidentiality and value of Plaintiffs' Trade Secrets and Confidential Information.

73.     Plaintiffs have been and will be irreparably harmed by these actions, and monetary damages are an insufficient remedy in that it can only potentially quantify a limited loss of customers, but cannot take into account the continuing irreparable damage to the value of Liberty and SiempreTax+'s Confidential Information, goodwill, customer loyalty, and its ability to sell franchises, all of which are caused by Dehn and 5402 Taxes' ongoing violations.

74.     Unless their wrongful conduct is enjoined, Dehn and 5402 Taxes will continue to breach their continuing post-termination obligations under the Franchise Agreements.

## COUNT II
### Breach of the Franchise Agreements (Monetary Claim)
### (Against Defendants Dehn and 5402 Taxes)

75.     Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth herein.

76.     The Franchise Agreements and MTA are valid and enforceable.

77.     Plaintiffs have performed every obligation and condition required under the Franchise Agreements.

14

78.    Under the Franchise Agreements, Defendants were required to: (a) refrain from offering tax preparation services or other financial products within the Territory or within twenty-five (25) miles of the boundaries of the Territory (b) soliciting Liberty and SiempreTax+'s clients within the Territory or within twenty-five (25) miles of boundaries of their former Liberty and SiempreTax+ Territory for a period of two years following termination; (c) immediately return Liberty and SiempreTax+'s confidential Operations Manual and to never use or disclose Liberty or SiempreTax+'s Trade Secrets and Confidential Information following the termination of the Franchise Agreements; and (d) not engage in acts that are harmful to Liberty or SiempreTax+.

79.    Dehn and 5402 Taxes have breached Franchise Agreements by: (a) offering tax preparation services within 25 miles of Defendants' Dehn and 5402 Taxes' former Liberty and SiempreTax+ Territory within the non-competition period; (b) soliciting Liberty and SiempreTax+ clients to use Warrior Financial Services tax services; (c) failing to return the Operations Manual; (d) disclosing Liberty and SiempreTax+'s Confidential Information to Warrior Financial and its employees; (e) continuing to identify as a former Liberty franchisee; (f) and engaging in acts that are harmful to Liberty and SiempreTax+.

80.    As a direct and proximate result of the foregoing breaches, Plaintiffs have incurred, and will continue to incur, substantial losses in an amount to be proven at trial.

## COUNT III
### *Violation of the Defend Trade Secrets Act of 2016*
### *(Against All Defendants)*

81.    Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth herein.

82.    The DTSA provides a private civil cause of action for misappropriation of a trade secret that is related to a product or service.

83.    Plaintiffs own numerous Trade Secrets that implicate interstate commerce,

including but not limited to, client lists and files, as well as its confidential Operations Manual, which contains Plaintiffs' highly valuable and guarded Trade Secrets and Confidential Information.

84.    The Trade Secrets derive independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

85.    The Trade Secrets are not readily ascertainable by the public as they are disclosed only to franchisees in the operation of the franchised business pursuant to a franchise agreement.

86.    Plaintiffs' franchisees are licensed to use the Trade Secrets only pursuant to the protective terms of the Franchise Agreements, and only in connection with the operation of a Liberty or SiempreTax+ franchise.

87.    Plaintiffs disclosed the Trade Secrets to Dehn and 5402 Taxes pursuant to the terms of the Franchise Agreements and for the sole purpose of using that information to operate a Liberty or SiempreTax+ franchise.

88.    Plaintiffs have taken extensive measures to preserve and protect the Trade Secrets for the purpose of maintaining a competitive advantage, including, among other things (a) requiring franchisees to agree to never use the Trade Secrets for any purpose other than operating a Liberty or SiempreTax+ franchise; (b) requiring franchisees to return the confidential Operations Manual and deliver the Trade Secrets and Confidential Information to Liberty and SiempreTax+ immediately upon termination or expiration of the Franchise Agreements; and (c) enforcing Liberty and SiempreTax+'s interest in the Trade Secrets by initiating legal recourse against those who misappropriate the Trade Secrets.

89.    Pursuant to Section 9(i) of the Franchise Agreements, Dehn and 5402 Taxes agreed that upon termination of the Franchise Agreements, they would never use, disclose, or permit the use or disclosure of Plaintiffs' Trade Secrets and Confidential Information in any manner whatsoever, and that they would return all customer information and Liberty and SiempreTax's confidential Operations Manual to Plaintiffs upon termination.

90.    Dehn and 5402 Tax intentionally and without Liberty or SiempreTax+'s permission or authorization used and/or disclosed Liberty and SiempreTax+'s Trade Secrets to Warrior Financial and its' employees for their own economic benefit and with the intention and knowledge that their conduct would irreparably injure Plaintiffs' goodwill and reputation.

91.    Defendants have used and/or disclosed Plaintiffs' Trade Secrets without Plaintiffs' permission or authorization, with knowledge that it did not have permission or authorization to use said Trade Secrets.  Defendants did so for its own economic benefit and with the knowledge that its conduct would irreparably injure Plaintiffs' goodwill and reputation.

92.    As a direct and proximate result of Defendants' willful, improper, and unlawful disclosure and use of Plaintiffs' Trade Secrets, Plaintiffs have suffered and will continue to suffer irreparable injury.

93.    Pursuant to 18 U.S.C. § 1836(b)(3)(A), Defendants', actual and threatened use and misappropriation of Plaintiffs' Trade Secrets should be enjoined from further disclosure or use of Plaintiffs' Trade Secrets.

94.    Defendants' conduct in misappropriating the Trade Secrets was and continues to be willful and malicious - warranting an award of exemplary damages in accordance with 18 U.S.C. § 1836(b)(3)(C) and an award of reasonable attorneys' fees in accordance with 18 U.S.C. § 1836(b)(3)(D).

## COUNT IV
### *Unjust Enrichment*
### *(Against All Defendants)*

95.     Plaintiffs restate and re-allege the foregoing paragraphs as if fully set forth herein.

96.     Plaintiffs are entitled to damages under the alternative theory of unjust enrichment.

97.     Plaintiffs conferred a benefit on Dehn and 5402 Taxes by disclosing the Trade Secrets and Confidential Information to Defendants.

98.     Dehn and 5402 Taxes have been enriched by their use and/or disclosure of the Trade Secrets and Confidential Information at the expense of Plaintiffs.

99.     Dehn and 5402 Taxes are not entitled to use or disclose the Trade Secrets and Confidential Information.

100.    It is against equity and good conscience to permit Dehn and 5402 Taxes to retain all amounts in which they were enriched by virtue of their continued possession over and use of Plaintiffs' Trade Secrets and Confidential Information and unlawful competition with Plaintiffs.

101.    Dehn and 5402 Taxes have accepted and retained the benefit of receiving the Trade Secrets and Confidential Information without paying for its value and using the information for their own benefit

102.    Plaintiffs will continue to suffer damages in an amount to be proven at trial, for which Defendants are liable, in association with Dehn and 5402 Taxes' unjust enrichment.

## COUNT V
### *Conversion*
### *(Against All Defendants)*

103.    Plaintiffs restate and re-allege the foregoing paragraphs as if fully set forth herein.

104.    Dehn and 5402 Taxes were authorized to use and possess Plaintiffs' property only while operating their former franchises pursuant to the Franchise Agreements.  Specifically:

A.    Plaintiffs own and have the right to possess the following properties by virtue of the Franchise Agreements: Any copies, including electronic copies and media, of lists and other sources of information containing the names, addresses, e-mail addresses, or phone numbers of customers who patronized the Franchised Business;

B.    Any copies, including electronic copies and media, containing, customer tax returns, files, and records; and

C.    The copy of the Operations Manual and any updates.

(collectively, the "Property").

105.    Warrior Financial was never authorized to use Plaintiffs' Property.

106.    Pursuant to Section 9 of the Franchise Agreements and the MTA, upon termination of the Franchise Agreements, Defendants were required to transfer and deliver the Property to Plaintiffs.

107.    Defendants have not returned the Property to Plaintiffs.  As such, Defendants are intentionally interfering with Plaintiffs' use and enjoyment of the Property.

108.    Defendants have together converted the Property for their financial gain through the solicitation of Plaintiffs' customers to compete directly with Plaintiffs.

109.    Defendants' interference with the Property has deprived Plaintiffs of their possession and use of the Property.

110.    As a direct and proximate result of Defendants' conversion of Plaintiffs' property, Plaintiffs have suffered damages and will continue to suffer damages, for which Defendants is liable, until the aforementioned property is delivered and returned to Liberty.

### COUNT VI
### *Tortious Interference with Franchise Agreements and Business Relationships*
### *(Against Warrior Financial)*

111.    Plaintiffs repeat and re-allege the foregoing paragraphs as if fully set forth herein.

112.    The Franchise Agreements and MTA are valid and enforceable.

113.    Upon information and belief, at all relevant times Warrior Financial had knowledge of the existence of the Franchise Agreements and its terms.

114.    Plaintiffs have valid and existing relationships with its customers.

115.    Despite its knowledge of Franchise Agreements and the MTA and Plaintiffs' relationship with its customers, Warrior Financial has knowingly interfered with that agreement and those relationships by facilitating Dehn and 5402 Taxes' unlawful competition and disclosure of Plaintiffs' Confidential Information.

116.    As a direct and proximate result of Warrior Financial's interference with the Franchise Agreements and business relationships, Plaintiffs have been damaged.

117.    Plaintiffs will continue to suffer irreparable harm unless the Court enjoins Warrior Financial from further interference with the Franchise Agreements and business relationships.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants as follows:

1.    For the following injunctive relief:

A.    Enjoin Dehn and 5402 Taxes from directly or indirectly offering tax preparation services and soliciting Plaintiffs' customers within twenty-five (25) miles of the boundaries of their former Liberty amd SiempreTax+ franchise territories for two years following the entry of any injunction;

B.    Order Defendants to cease use and disclosure of Plaintiffs' Confidential Information and Trade Secrets, including Liberty and SiempreTax+'s confidential Operations Manual;

C.    Order Defendants to return all Confidential Information of Liberty and SiempreTax+ that is in their possession or control; and

2.	For breach of contract damages;

3.	For compensatory and, if applicable, punitive damages arising from Defendants' common law violations;

4.	For statutory and punitive damages stemming from Defendants' violation of the DTSA;

5.	For a monetary award against all Defendants for Plaintiffs' reasonable attorneys' fees and costs, in an amount to be proven at trial;

6.	For pre- and post-judgment interest; and

7.	For such other relief as the Court deems just and appropriate.

Dated: February 2, 2023                          Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI LLP**

By: */s/ Cristina Guerrero* _____.
    **Cristina Guerrero**
    Texas State Bar No. 24058860
    1900 West Loop South, Suite 1000
    Houston, Texas 77027
    Tel: 713-490-4850
    Facsimile: 713-961-3938
    cxguerrero@grsm.com

    **Soña J. Garcia**
    Texas State Bar No. 24045917
    2200 Ross Avenue, Suite 3700
    Dallas, Texas 75201
    Tel: 214-231-4660
    Facsimile: 214-461-4053
    sjgarcia@grsm.com

    *Counsel for JTH Tax LLC d/b/a Liberty Tax Service*